CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 12 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LAMONT O. DOUGLAS,<br>　　　Plaintiff, | Civil Action No. 7:11-cv-00250 |
| v. | **MEMORANDUM OPINION** |
| GENE JOHNSON, et al.,<br>　　　Defendants. | By:　Hon. Jackson L. Kiser<br>　　　Senior United States District Judge |

By Order entered June 6, 2011, the court assessed a $350.00 filing fee and granted plaintiff fifteen days from the date of the Order to forward to the court a statement of his assets and a report regarding his trust account for the six months prior to May 2011,[1] signed by each appropriate prison official where plaintiff was confined during that time so the court could determine a payment schedule. Plaintiff was advised that failure to return the required paperwork would result in dismissal of this action without prejudice.

Plaintiff filed certified inmate account reports of the six-month period prior to June 2011, not the six-month period prior to May 2011. Therefore, plaintiff did not comply with the conditional filing order, despite the warning that his action may be dismissed without prejudice for noncompliance, and I cannot determine the appropriate filing fee assessment, pursuant to 28 U.S.C. § 1915(a). Accordingly, this action must be dismissed without prejudice for plaintiff's failure to pay the filing fee or properly document his application to proceed in forma pauperis after the court's order. Plaintiff may refile his claims in a new and separate action at the time he can pay the $350 filing fee or file the necessary documents to proceed in forma pauperis.

---

[1] Plaintiff avers that he deposited his complaint into the prison's institutional mailbox on June 1, 2011. However, the envelope's stamp-date is clearly May 31, 2011, and plaintiff's signed other various papers included with the complaint on May 28, 2011. Furthermore, the court received the complaint on June 1, 2011, and the court does not receive same-day regular United States Postal Mail from plaintiff's prison. Accordingly, I consider the Complaint filed in May 2011, not June 2011. See Houston v. Lack, 487 U.S. 266, 276 (1988) (describing prison-mailbox rule). Thus, the preceding six-month period before plaintiff filed the Complaint was between November 2010 and April 2011.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 12th day of September, 2011.

Senior United States District Judge